UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHARREL L. DICKENS, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CREDIT.COM,<br><br>    Defendant. | Case No. 1:21-cv-00842 |

**CLASS ACTION COMPLAINT**

**NOW COMES** SHARREL L. DICKENS, by and through her undersigned counsel, complaining of Defendant CREDIT.COM, as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 *et seq*.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) citing Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. SHARREL L. DICKENS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Chicago, Illinois.

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. CREDIT.COM ("Defendant") operates a website that facilitates the extension of credit to consumers and provides consumers with credit related services. According to its website, the credit extension offers listed on Defendant's website "are from companies from which Credit.com receives compensation."[1]

9. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## GENERAL ALLEGATIONS

10. Upon information and belief, Defendant develops marketing campaigns using a combination of sales channels, with an emphasis on outbound telemarketing.

11. Upon information and belief, Defendant utilizes third party vendors to market its services.

12. Upon information and belief, Defendant's vendors are essential to the success of its telemarketing campaigns.

13. Upon information and belief, Defendant's ability to generate revenue depends significantly on its access to high-quality vendors.

---

[1] www.credit.com (last visited February 15, 2021)

14. Defendant is subject to liability under the TCPA for actions of its third party vendors who engage in outbound telemarketing efforts on its behalf.

15. Defendant's third party vendors identify themselves as representatives of Defendant.

## FACTUAL ALLEGATIONS

16. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 7809.

17. At all times relevant, Plaintiff's number ending in 7809 was assigned to a cellular telephone service as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

18. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

19. Plaintiff was on the market for a life insurance policy and completed an online inquiry form on a website not operated or maintained by Defendant.

20. In early January 2021, Plaintiff started to receive phone calls and prerecorded voicemails on her cellular phone from Defendant.

21. Shortly after Defendant's calls began, Plaintiff answered a call in an effort to determine the reason for Defendant's calls.

22. During this call, Defendant offered Plaintiff credit related services.

23. Plaintiff advised Defendant that she was not interested in its services and requested that the solicitation calls cease.

24. Despite Plaintiff's request that Defendant cease its invasive solicitation calls, Defendant continued to place solicitation calls to Plaintiff's cellular phone.

25. On numerous occasions, Defendant left prerecorded voicemails on Plaintiff's

cellular phone stating: "*Hi, this is Credit.com. You recently submitted a request through one of our partner sites so we are calling to provide you with a free credit report consultation to help you with your credit needs. Please call us back at (844) 243-7661. . .*"

26. In total, Defendant placed no less than 10 invasive solicitation calls to Plaintiff's cellular phone after Plaintiff requested that the calls cease.

27. Defendant placed the aforementioned solicitation calls from various numbers, including the phone number (844) 857-1276.

28. At no point in time did Plaintiff solicit Defendant's services or otherwise provide her cellular phone number to Defendant.

## DAMAGES

29. Defendant's illegal solicitation practices have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the solicitation calls, decreased productivity, aggravation that accompanies unwanted solicitation calls, frustration, loss of concentration, and the loss of battery charge.

30. Moreover, each time Defendant placed a solicitation call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

31. Concerned with the escalation of Defendant's invasive solicitation practices, Plaintiff retained counsel to file this action to compel Defendant to cease its invasive practices.

## CLASS ALLEGATIONS

32. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

33. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons in the United States (1) to whom Defendant placed, or caused to be placed, a phone call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without the prior express written consent of the called party; (5) within the four years preceding the date of this complaint through the date of class certification.

34. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.    Numerosity**

35. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

36. The exact number of the members of the Putative Class is unknown to Plaintiff at this time, and can only be determined through targeted discovery.

37. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

38. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B.    Commonality and Predominance**

39. There are many questions of law and fact common to the claims of Plaintiff and the claims of the members of the Putative Class.

40. Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.  Typicality**

41. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**D.  Superiority and Manageability**

42. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

43. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

44. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

45. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.  Adequate Representation**

46. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

47. Plaintiff has no interests antagonistic to those of the members of the Putative Class and Defendant has no defenses unique to Plaintiff.

48. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF
### COUNT I:
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**
**(On behalf of Plaintiff and the Members of the Putative Class)**

49. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

50. Among other things, the TCPA prohibits certain calls to wireless and residential numbers unless the caller has the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A).

51. Under the TCPA consent rules, some types of calls require prior express written consent, while other types of calls do not require that the consent be in writing.

52. "Prior express written consent" is required for (a) all telemarketing/promotional calls/texts made using an ATDS placed to wireless numbers, and (b) all artificial or prerecorded telemarketing/promotional voice calls to wireless and residential numbers. [2]

53. The TCPA consent rules define "prior express written consent" as "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an ATDS or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered."

54. Defendant violated § 227 (b)(1)(A)(iii) of the TCPA by placing or causing to be placed non-emergency calls to Plaintiff's cellular telephone, utilizing an artificial or prerecorded voice, without Plaintiff's prior express written consent.

55. As pled above, Defendant used an artificial or prerecorded voice that automatically played upon the call reaching Plaintiff's voicemail.

---

[2] 47 C.F.R. §§ 64.1200(a)(2) and (3).

56. As pled above, Plaintiff never provided Defendant with her cellular phone number or otherwise consent to receiving phone calls from Defendant.

57. Moreover, as pled above, Plaintiff revoked any prior consent Defendant may have believed it had during a phone call that Plaintiff answered.

58. Upon information and belief, it is a systemic practice of Defendant to call consumers without their prior express written consent, a practice designed to maximize profits at the expense of consumers.

59. Upon information and belief, Defendant does not maintain adequate procedures that effectively document consumers' requests that the calls cease, thus resulting in consumers receiving solicitation calls after they have requested that the solicitation calls cease.

60. As a result of Defendant's violations of the TCPA, Plaintiff and the members of the Putative Class are entitled to receive $500.00 in damages for each such violation.

61. As a result of Defendant's knowing and willful violations of the TCPA, Plaintiff and the members of the Putative Class are entitled to receive up to $1,500.00 in treble damages for each such violation.

**WHEREFORE**, Plaintiff, on behalf of herself and the members of the Putative Class, requests the following relief:

A. an order granting certification of the proposed Class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. an order finding that Defendant violated the TCPA;

C. an order enjoining Defendant from placing or causing to place further violating calls to consumers;

D. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

E. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

F. an award of such other relief as this Court deems just and proper

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

Dated: February 15, 2021            Respectfully submitted,

**SHARREL L. DICKENS**

By: /s/ *Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
(630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com